

KAUFMAN DOLOWICH VOLUCK
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP

425 California Street, Suite 2100
San Francisco, California 94104

Telephone: 415.926.7600
Facsimile: 415.926.7601
www.kdvlaw.com

August 15, 2016

KATHERINE S. CATLOS
KCATLOS@KDVLAW.COM
MARION V. CRUZ
MCRUZ@KDVLAW.COM

The Honorable Magistrate Judge Jacqueline Scott-Corley
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Jessica Lopez v. Marriott International, Inc.*
USDC: 3:15-CV-04227-SI

Dear Magistrate Judge Scott Corley:

The parties have been referred to this honorable Court for the resolution of
discovery disputes and are scheduled to appear for a discovery conference on August 17,
2016. In preparation for the conference, Defendant Marriott Hotel Services, Inc.
("Defendant") respectfully submits this letter brief regarding Defendant's request for a
stipulated independent medical examination pursuant to Federal Rule of Civil Procedure
("FRCP") 35.

As discussed further below, the parties have met and conferred and are unable to
resolve this issue. Defense counsel also attempted to plan and cooperate with Plaintiff in
order to file a joint letter brief. On August 11, Defense counsel offered to meet in person;
offered to talk by phone; and asked for Plaintiff's counsel's legal authority. Plaintiff's
counsel declined these offers and did not provide any response to Defendant's request for
such legal authority. On August 12, Defense counsel asked Plaintiff's counsel to provide
Plaintiff's position for inclusion in a joint letter brief by August 15, in order to provide
the Court with adequate time to consider Defendant's request prior to the discovery
conference on August 17. Plaintiff's counsel stated he would not provide a response until
August 16. Accordingly, Defendant hereby files and requests leave to file a slightly
longer letter brief herein, in order to address points that Defense counsel attempted to
resolve with Plaintiff's counsel, to no avail.

Defendant's request is made pursuant to FRCP 35(a)(1), with the purpose and
scope of the examination being to determine the nature, causation and extent of the
Plaintiff's psychiatric/emotional distress injuries Plaintiff claims she suffers as a result of
the events complained of in this action. Plaintiff has put her mental condition "in
controversy" and as such, good cause exists for an order compelling an independent
medical examination. FRCP 35(a).

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 15, 2016
Page 2


The instant litigation involves Plaintiff's claims for damages she claims to have sustained in the course of her employment.  Defendant employed Plaintiff as a Loss Prevention Officer from March 19, 2014, through March 25, 2015, when Plaintiff resigned. Plaintiff filed a Complaint seeking damages for alleged mental pain and distress as well as special damages for psychiatric treatment and psychological counseling and care she claims to have received as a result of Defendant's alleged gender discrimination, sexual harassment, retaliation, and disability discrimination and harassment.

Plaintiff has waived her privacy rights by putting her medical condition at issue and alleging more than a "garden variety" emotional distress claim. *See Hicks v. Neal*, 2013, WL 633116 at *1 (N. Dist. Cal. 2013).  Plaintiff alleges Defendant's conduct "has led to significant emotional distress and injury" claiming that "she became depressed, experienced chest pains, could not sleep, and felt stress and anxiety each day she needed to report to work." ECF 1, Exhibit A, Plaintiff's Complaint, ¶ 23.  Plaintiff also alleges that "she continues to suffer humiliation, lack of self-confidence, embarrassment, emotional distress and emotional anguish, all to her damage in an amount to proof at the time of trial." Id. at ¶ 34.

Plaintiff further alleges through sworn responses to written discovery that she continues to suffer from emotional injuries sustained as a result of Defendant's alleged conduct.  As recently as August 4, Plaintiff testified that she has taken time off work with her new employer due to her continuing psychological problems or medical issues, which she attributes to Marriott.  Exhibit A, Plaintiff's deposition at 268:1-270:3.  Plaintiff also testified that she has been prescribed Zoloft or other anti-anxiety medication and that she took the medication as recently as August 2nd.  Exhibit A, at 271:14-273:17.

Accordingly, Plaintiff's mental condition is "in controversy" and requires examination by an independent medical provider with a specialty in psychiatry and psychological testing by an independent psychologist to allow Defendant an adequate opportunity to defend against Plaintiff's claims. FRCP 35(a)(1); *Schlagenhauf v. Holder* 379 U.S. 104, 119 (1964) ("[a] plaintiff in a [negligence] case who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."[1]  The principle spelled out in *Schlagenhauf* has been applied in cases involving alleged employment discrimination where the plaintiff alleges damages for emotional distress.  See *Smedley v. Caps, Staples, Ward Hastings and Dodson*, 820 F.

---

[1] See also *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161 (N. Dist. CA 2013)(an order compelling an independent medical examination is appropriate even where Plaintiff has not alleged a separate claim for emotional distress because she alleged defendant discriminated against her because of her mental disability); *See also Tan v. City and County of San Francisco*, 2009 WL 594238, at *3, 2009 U.S. Dist. LEXIS 21639 at *8 (because Plaintiff's mental health was key to defense, plaintiff's right to privacy was outweighed by defendant's right to a fair trial).

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 15, 2016
Page 3

Supp. 1227, 1232 (N.D. Cal 1993), granting defendant-employer's motion to compel psychological examination where plaintiff alleged damages for emotional distress.[2]

Here, both the "in controversy" and "good cause" requirements of FRCP 35 have been met. Notably, Plaintiff claims continuing emotional distress damages as a result of Defendant's conduct which allegedly occurred over two years ago rendering Defendant's need for an independent examination by a licensed practitioner and the need for testing even more crucial to Defendant's ability to defend against Plaintiff's claims. There is no question that Plaintiff intends to introduce into evidence the testimony of, at the least, Plaintiff's treating psychologist.

However, Plaintiff should not be allowed to dictate the manner and by whom Defendant's examination is to be conducted especially where irrespective of Plaintiff's choice of witnesses, the fact is that Plaintiff also received medical treatment and has been prescribed medication for her anxiety and chest pains. This is not only grounds for a finding of good cause to compel the examination of Plaintiff; the same provides good cause to compel examination by a psychiatrist. Clearly the psychiatrist designated by Defendant is well within his discretion in requesting psychological testing to assist him in that evaluation to assure a complete and thorough examination. This is especially true where the testing requested involves routine self-administered tests, despite Plaintiff's unsupported claim that the testing is "intrusive".

In light of Plaintiff's claims and deposition testimony, defense counsel requested that Plaintiff agree to attend psychiatric evaluation/examination and psychological testing, providing the names and CVs of the proposed examiners. See Exhibit B, email exchange on August 10. Claiming that "damages questions relate to whether she [Lopez] "has suffered emotional distress, and if so, what damages did Marriott cause, if any." Plaintiff's counsel refused the requested testing on the ground that they are "unduly intrusive and have no bearing on those issues" and sought to limit Plaintiff's examination to an oral interview session with a qualified psychologist. Id. Although given the opportunity to agree to limit Plaintiff's claim to "garden variety" emotional distress and not call expert witnesses to testify regarding Plaintiff's medical condition and treatment (i.e. including her treating physicians), Plaintiff refused. Defense counsel provided legal authority for its position and asked for any supporting Plaintiff's refusal. Exhibit C. Plaintiff refused and did not respond to requests to meet and confer in person or by phone. Exhibit C.[3]

---

[2] See also California Code of Civil Procedure 2032.020.

[3] This was not the first time Defendant requested an IME. Defense counsel met and conferred in person with Plaintiff's counsel after the Case Management Conference on August 5, stating that an IME was warranted since, *inter alia*, Plaintiff testified the day before that she continues to take prescription medication for anxiety caused by Defendant's conduct. Plaintiff's counsel stated it would consider the request and get back to defense counsel. Hearing nothing, defense counsel followed up on August 10.

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 15, 2016
Page 4

      Therefore, Defendant respectfully requests an order compelling the proposed psychiatric evaluation/examination to be conducted by a licensed physician, Dr. John Zeitz, MD, with a specialty in psychiatry, who will interview Plaintiff to properly evaluate Plaintiff's mental condition.  See Exhibit D, Dr. Zeitz Declaration and Dr. Zeitz CV.  Defendant also requests an order compelling psychological testing to be conducted by a licensed psychologist, Dr. William D. Hooker, Ph.D., who will administer the following tests to Plaintiff to evaluate Plaintiff's mental condition: Wechsler Adult Intelligence Scale-Fourth Edition, Minnesota Multiphasic Personality Inventory- Second Edition (MMPI-2), the Millon Clinical Multiaxial Inventory - Fourth Edition (MCMI-IV), and Rorschach Performance Appraisal System (R-PAS)."  See Exhibit D, Dr. Hooker CV.[4]

      Defendant attaches a signed Declaration by Dr. Zeitz attesting that such test results are necessary to assist in a total psychiatric evaluation of Plaintiff and her mental condition.  Should the Court grant Defendant's request, Dr. Zeitz and Dr. Hooker are available to conduct the medical examination of Plaintiff on September 9, 2016, in San Francisco at their respective offices.

      Thank you for your assistance.

Very truly yours,

Katherine S. Catlos of
Kaufman, Dolowich & Voluck, LLP
Attorneys for Defendant

Very truly yours,

Marion V. Cruz for
Kaufman Dolowich & Voluck, LLP
Attorneys for Defendant

4847-3948-7542, v. 1

---

[4] Defendant submits the Declaration of Dr. Zeitz and the CVs of Drs. Zeitz and Hooker because they are pertinent to Defendant's request, although the inclusion results in more than twelve pages of attachments.