**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
425 California Street, Suite 2100
San Francisco, California 94104

Telephone: 415.926.7600
Facsimile: 415.926.7601

www.kdvlaw.com

August 31, 2016

KATHERINE S. CATLOS
KCATLOS@KDVLAW.COM
MARION V. CRUZ
MCRUZ@KDVLAW.COM

The Honorable Magistrate Judge Jacqueline Scott-Corley
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom F, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

          **Re:** *Jessica Lopez v. Marriott International, Inc.*
               Filing Party: Defendant Marriott Hotel Services, Inc.
               *(erroneously sued herein as "Marriott International, Inc.")*
               USDC: 3:15-CV-04277-SI

Dear Magistrate Judge Scott Corley:

**Procedural Background**

On August 17, this Honorable Court ruled that Plaintiff shall be examined pursuant to FRCP 35 for up to seven hours by Dr. William D. Hooker, Ph.D. and Dr. John A. Zeitz, MD. Plaintiff stipulates to one out of the four tests requested by the Defendant- the Millon Clinical Multiaxial Inventory - Fourth Edition (MCMI-IV)[1] but objects to the administration of the Minnesota Multiphasic Personality Inventory- Second Edition (MMPI-2), Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV), and Rorschach Performance Appraisal System (R-PAS). The Court asked for further briefing with citations to case law. Plaintiff filed a brief on August 24, (ECF 36). Defendant respectfully submits this brief in reply.

**Argument**

Good cause exists to grant an order compelling the administration of the widely-accepted psychological examinations proffered by Defendant. Notably, Northern District courts have compelled the same examinations in situations where the plaintiff sought compensatory damages for emotional distress, depression and anxiety. *See e.g. Ayat v. Societe Air Fr.,* No. 06-1574 JSW, 2007 U.S. Dist. LEXIS 31285 (N. Cal. 2007)(compelling IME of plaintiff to include the following non-invasive tests: MMPI-2, Wechsler Adult Intelligence Scale- 3rd Edition and Wechsler Memory Scale- 3rd Edition, and Rorschach Test); *See also Ashley v. City & County of San Francisco,* No. CV-12-00045-JST, 2013 U.S. Dist. LEXIS 77134 (N.D. Cal. 2013)( WAIS-IV, Rorschach,

---

[1] Plaintiff's counsel stated in open court on August 17 that he agrees to the third or fourth edition of the MCMI. Thus, this letter brief assumes that Plaintiff's counsel stipulates to the administration of either MCMI-III or MCMI-IV.

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 31, 2016
Page 3

MMPI-2 and MCMI-III are standard tests found by numerous courts, including those in the Northern District, to be proper tools for psychological assessment); *See also Gavin v. Hilton Worldwide Inc.,* 291 F.R.D. 161 (N.D. Cal. 2013)(employment discrimination action where court declined to "micro-manage" the IME or limit the examiner's exploration of the very mental condition placed in controversy by Plaintiff's Complaint).

Plaintiff's brief is conclusory <u>and fails to cite a single case</u> holding that the psychological exams requested by Defendant are "unduly intrusive, oppressive, and embarrassing."[2] Nor does Plaintiff provide a supporting declaration by a mental health care professional to rebut Defendant's supporting declarations that the examinations are necessary to assess Plaintiff's claim of continued emotional distress. (ECF 33-1, Declaration of Dr. John A. Zeitz, M.D.; Declaration of Dr. William D. Hooker, Ph.D., attached hereto as **Exhibit A.)**

Plaintiff's brief actually bolsters Defendant's position. Plaintiff cites to her deposition testimony wherein she testified she did not have chest pains, anxiety, or the need to see a mental health professional before working for Marriott. (ECF 36 at 2). Thus, in a case where Plaintiff as here claims unusually severe emotional distress, it would be prejudicial not to permit Marriott to determine whether and to what extent Plaintiff suffers from a mental health condition; whether the condition existed prior to her employment with Marriott; and whether other stressors contributed to her alleged condition.  *See Tan v. City and County of San Francisco,* 2009 WL 594238, at *3, 2009 U.S. Dist. LEXIS 21639 at * 8 (plaintiff's right to privacy outweighed by defendant's right to a fair trial because Plaintiff's mental health was key to defense).

Plaintiff's counsel concedes that Plaintiff's mental health is "at issue" and agrees that some form of an IME is warranted. Thus, Defendant has met the initial burden required under FRCP 35. See Fed. R. Civ. Proc. 35(a). This Court ordered Plaintiff to cite case law supporting her objections to the examinations proffered by Defendant. Providing none, Plaintiff has failed to meet her burden and, in effect, provides no response to Defendant's request for the remaining three psychological examinations described herein. On this basis alone, Defendant's request should be granted. However, to assist the Court, Defendant provides a brief summary of the examinations requested by Defendant, relevant case law and a Declaration by Dr. Hooker in further support of its request.

---

[2] Plaintiff's citation to the EEOC enforcement guidance regarding medical examinations of employees under the Americans with Disabilities Act (ADA) is irrelevant and should be disregarded. The cited "guidance" relates to pre-offer, post-offer, and during employment examinations, e.g., where an employee is seeking a disability accommodation from his or her employer. This guidance bears no relation to the requirements of a FRCP Rule 35 Independent Medical Examination in the context of pending litigation.

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 31, 2016
Page 4

**Overview of Examinations**

The **Wechsler Adult Intelligence Scale- Fourth Edition (WAIS-IV)** was released in 2008 and is designed to measure intelligence and cognitive ability in adults and older adolescents. Rehabilitation psychologists and neuropsychologists use the WAIS-IV to assess how the brain functions after injury. WAIS-IV may be used to assess alleged depression in adults because a finding of lower cognition is consistent with severe depression. See Exhibit A, par. 14.

The **Minnesota Multiphasic Personality Inventory — Second Edition (MMPI-2)** is the most widely used and researched standardized psychometric test of adult personality and psychopathology, a psychological test that assesses personality traits and psychopathology. W.J. Camara, J.S. Nathan, J. S., & A.E. Puente, *Psychological Test Usage: Implications in Professional Psychology,* 31 Professional Psychology: Research and Practice 141-154 (2000); See also Exhibit A, par. **15.** The MMPI is frequently given in "employment [and] re-employment situations in conjunction with [a] polygraph," and in "promotion studies in the industry". The basic test measures ten general possibilities for abnormality in psychological function and consists of true/false questions on a variety of subjects. The MMPI has several built-in "validity scales" which determine the extent to which the test is accurately measuring the traits it purports to measure. These scales help detect whether the taker is attempting to "lie" or appear in a falsely "virtuous" light. *People v. Stoll,* 49 Ca1.3d 1136, 1147 (1989).

The **Rorschach Performance Appraisal System (R-PAS)** is a scoring method for the Rorschach inkblot test. Optimized procedures of administration instruct examiners to ask the respondents to provide two or three responses for each of the 10 Rorschach cards. See Exhibit A, at par. 13. Examiners may use "prompts" to encourage examinees to give more responses or "pulls" to ask examinees to give the card back to the examiner. This procedure is meant to increase the stability of the administration and attempt to eliminate the extremes of responding; too few responses or too many responses. G.J. Meyer, G. J. & J.J. Eblin *An overview of the Rorschach performance assessment system (R-PAS),* 5 Psychological Injury and Law 107-121 (2012)[3].

Plaintiff has stipulated to the administration of the **Millon Clinical Multiaxial Inventory (MCMI),** which is designed to provide information on personality traits and psychopathology, including specific psychiatric disorders such as generalized anxiety and major and persistent depression in the format of DSM-5. See Exhibit A, at par. 16; American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition; *Stoll, supra,* 49 Ca1.3d at 1148. The MCMI measures personality disorders and clinical syndromes for adults undergoing psychological or

---

[3] A copy of this resource may be obtained at this site: http://www.r-pas.org/articles.aspx

psychiatric assessment or treatment and can illuminate personality traits and personality styles more quickly and effectively than a clinical interview can for most clinicians. The test is brief in comparison to other personality inventories and it has a strong theoretical basis and can measure anxiety and depression. See Exhibit A, at par. 16.

### Use **of Examinations in Northern District**

In *Ayat v. Societe Air Fr.,* No. C 06-1574 JSW, 2007 U.S. Dist. LEXIS 31285 (N.D. Cal. 2007), then-Chief Magistrate Judge James Larsen of the District Court for the Northern District of California granted defendant Air France's motion to compel a two-part mental examination conducted by a psychiatrist and neuropsychologist pursuant to FRCP 35. Plaintiff Naim I. Ayat was a passenger aboard an Air France flight that overran the runway and crashed into a ravine. *Id.* at *2. Plaintiff filed a complaint seeking compensatory damages arising from his injuries, including, *inter alia,* "fear and terror," "emotional distress," "discomfort," "anxiety," "physical injury," and "depression." *Id.* at *3. Air France proposed to conduct a mental examination of plaintiff including the following non-invasive tests: Quality of Life Inventory; Minnesota Multi-Phasic Personality Inventory- 2; Rorschach Test, Portions of the Wechsler Adult Intelligence Scale-3rd Edition, the Wechsler Memory Scale-3rd Edition, Hopkins Symptom Checklist-90-R, and the Beck Depression Inventory. *Id.* at *18.

Then-Chief Magistrate Judge Larsen held that the Rorschach Test, the Wechsler Adult Intelligence Scale ("WAIS"), and the Wechsler Memory Scale ("WMS") are appropriate tools for assessing plaintiff's psychological state. First, the Court found that plaintiff's mental and physical conditions were "in controversy," and that good cause existed to order the Rule 35 examinations. *Id *12-17.*

The *Ayat* court then found that the Rorschach is a proper tool to assess the psychological functioning and injury of plaintiff referring to an article from the Journal of Personal Assessment, 95(2), 219-237, entitled, *The Status of the Rorschach in Clinical and Forensic Practice: An Official Statement by the Board of Trustees of the Society for Personality Assessment,* that was cited in the declaration of the proposed neuropsychologist, which specifically states that the Rorschach in court and legal settings, "meets the variety of legal tests for admissibility, including validity, publication in peer reviewed journals, and acceptance within the relevant professional community." *Id* at *22. Based on Dr. William **D.** Hooker's supporting declaration, the court found that portion of the WAIS assessing working memory and processing speed are necessary **since these mental abilities can be adversely impacted by stress, anxiety, and/or depression and are indirect measures of an individual's psychological state.** *Id* at *23 (emphasis added). Dr. Hooker further stated that he would not be assessing plaintiff's intelligence or his immediate and delayed memory. *Id.*

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 31, 2016
Page 6

Lastly, the *Ayat* court further held that neither a third party representative nor a tape recorder are needed during the examinations and agreed that a third party witness would diminish the accuracy of the evaluations because third party observers may, regardless of good intentions, contaminate a mental examination. *Id.* at *21. Thus, other than the plaintiff and the examining doctors, only an appointed translator was allowed to be present, because plaintiff had difficulty speaking and understanding English. Defendant Marriott notes Plaintiff in the instant matter is fluent in English and has no need for a translator.

Significantly, the psychologist who provided the supporting declaration in *Ayat* is the same psychologist Marriott has chosen in the instant case to conduct the psychological testing. Therefore, not only has a Northern District court compelled the same tests that Defendant seeks in this case, it has previously approved Dr. Hooker to conduct these tests. Dr. Hooker provides a declaration in this matter that states the aforementioned examination are necessary to determine, *inter alia*, the scope and severity of Plaintiff's suffering; the cause of her emotional and physical suffering; whether the cause of Plaintiff's suffering is the result of alternate stressors other than Defendant's alleged conduct; and the accuracy of Plaintiff's prior diagnoses and the results of any treatments. See **Exhibit A** at par. 6. Dr. Hooker further states that the proffered testing will not assess Plaintiff's intelligence. See **Exhibit A** at par. 14. Therefore, *Ayat* squarely addresses Plaintiff's concerns that the testing proffered by Defendant "are consistent with the limitations of Rule 35 of the FRCP." (ECF 36 at p. 2).

Similarly, in *Gavin v. Hilton Worldwide Inc.,* 291 F.R.D. 161 (N.D. Cal. 2013), the court indicated that it would not limit the types of testing that medical experts found appropriate for a Rule 35 examination. Plaintiff brought an employment discrimination action against defendant Hilton Worldwide, Inc., alleging that Hilton failed to reasonably accommodate her chronic, severe depression and wrongfully terminated her employment. *Id.* at 163. Hilton requested that plaintiff submit to a Rule 35 examination to assess claims of past and current emotional distress, but the parties were unable to agree on the scope of the IME. *Id.* The court stated it would not micro-manage the examination. *Id.* at 167 (citing *Letcher v. Rapid City Regional Hosp., Inc.,* 2010 U.S. Dist. LEXIS 46959, at *15-18 (D. S.D. May 12, 2010) "[Plaintiffs] complaint places her mental condition in controversy, as she concedes, and therefore, the court will not limit [the examiner's] exploration of the very issues she herself has placed before the court"); *see, e.g., Lester v. Mineta,* No. C 04-03074 SI, 2006 U.S. Dist. LEXIS 101379, at *5 (N.D. Cal. 2006)("Both of the proposed examiners have impressive credentials, and significant experience working on cases such as this. . . . The Court, with its limited psychological and psychiatric expertise, will therefore not limit the examiners to conducting certain tests."). The *Gavin* court held that the examination would take approximately five to six

Hon. Jacqueline Scott Corley
*Jessica Lopez v. Marriott International, Inc.*
August 31, 2016
Page 7

hours and include subtests up to and including the entire WAIS-IV, the MMPI-2, and the Rorschach Inkblot Test.  *Gavin, supra,* 291 F.R.D. at 169.

Therefore, based on the points and authorities herein, the sworn declarations of Dr. Hooker and Dr. Zeitz, Defendant's First Letter Brief, accompanying exhibits filed on August 15, 2016 (ECF 33), and oral argument at the discovery conference on August 17, 2016, Defendant respectfully requests that this Court grant an order compelling an independent medical examination of Plaintiff consisting of the Millon Clinical Multiaxial Inventory - Fourth Edition (MCMI-IV), Minnesota Multiphasic Personality Inventory- Second Edition (MMPI-2), Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV), and Rorschach Performance Appraisal System (R-PA) to be administered by Dr. William Hooker, Ph.D. on November 18, 2016, at his offices located at 350 Parnassus Ave., San Francisco, CA 94117, starting at approximately 8:30 a.m., followed by an evaluation by Dr. John Zeitz at the same location.

Thank you for your assistance.

Very truly yours,

Katherine S. Catlos of
Marion V. Cruz for
Kaufman, Dolowich & Voluck, LLP
Attorneys for Defendant
Marriott Hotel Services, Inc.

4838-0319-1863, v. 1