UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA L LOPEZ,<br><br>   Plaintiff,<br><br> v.<br><br>MARRIOTT HOTEL SERVICES, INC.,<br><br>   Defendant. | Case No. 15-cv-04277-SI   (JSC)<br><br>**ORDER RE: DEFENDANT'S REQUEST FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF**<br><br>Re: Dkt. Nos. 33, 36, 38 |

  This matter has been referred to the undersigned magistrate judge for resolution of discovery disputes between the parties. (Dkt. No. 32.) Now before the Court is Defendant Marriott Hotel Services, Inc.'s request to conduct an independent medical examination ("IME") of Plaintiff Jessica Lopez pursuant to Federal Rule of Civil Procedure 35. (Dkt. No. 33.) The Court held a hearing on August 17, 2016, during which the Court ordered that Plaintiff shall be made available for an IME for seven hours total at a single location. The parties thereafter submitted additional briefing on the proper scope of the IME. (Dkt. Nos. 36, 38.) Having considered the arguments and briefing submitted, the Court, finding good cause shown, GRANTS Defendant's request and ORDERS Plaintiff to be made available for an IME consistent with this Order.

  Under Federal Rule of Civil Procedure 35(a), when the mental or physical condition of a party is in controversy, a court may, upon a motion for good cause, order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. Because Plaintiff alleges that she suffered extreme emotional distress in this case, there is no dispute that her mental condition is in controversy and that she is therefore subject to some form of IME pursuant to Rule 35(a). (*See* Dkt. No. 37 at 2-3 ("The parties agreed that an IME of Plaintiff is warranted given her allegations of 'non-garden variety' emotional distress.").) The parties disagree, however, whether

the tests that Defendant proposes for Plaintiff's IME are necessary and proper in this case.

Defendant requests that its experts, Dr. William Hooker and Dr. John Zeitz, be permitted to perform four tests at Plaintiff's IME: (1) Wechsler Adult Intelligence Scale – Fourth Edition (WAIS-IV); (2) Minnesota Multiphasic Personality Inventory – Second Edition (MMPI-2); (3) Rorschach Performance Appraisal System (R-PAS); and (4) Millon Clinical Multiaxial Inventory (MCMI). (Dkt. No. 38 at 3.) In support of this request, Defendant has submitted a declaration from Dr. Hooker explaining the relevance and utility of each of the above tests. (*See* Dkt. No. 38-1 ¶¶ 13-16.) Defendant further notes that Dr. Hooker was previously granted permission by a court in this District under Rule 35 to perform an earlier version of the WAIS test (3rd edition) as well as the Rorscharch test. *See Ayat v. Societe Air France*, No. C 06-1574 JSW JL, 2007 WL 1120358 (N.D. Cal. Apr. 16, 2007). In response, Plaintiff argues that the tests Defendant proposes are too intrusive for purposes of this litigation and requests that the Court limit the areas that Defendant's experts may explore. (*See* Dkt. No. 36 at 4.)

While the Court is sensitive to Plaintiff's privacy concerns, she does not provide any case law or supporting expert declaration explaining why the requested tests are unnecessarily intrusive or otherwise inappropriate. To the contrary, "[t]hese are all standard tests that have been found by numerous courts, including those in the Northern District, to be proper tools for psychological assessment." *Ashley v. City & Cty. of San Francisco*, No. CV-12-00045-JST KAW, 2013 WL 2386655, at *2 (N.D. Cal. May 30, 2013). Moreover, the Court is satisfied that Defendant's experts, both of whom appear to be well qualified, will conduct themselves in a professional manner and will not subject Plaintiff to unnecessary inquiries. Absent any evidence to the contrary, the Court declines to micromanage how Defendant chooses to utilize its seven hours. *See Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 166-67 (N.D. Cal. 2013) ("The court expects the examiner will act professionally and not subject Gavin to unnecessary inquiries. It will not micromanage the examination.").

Accordingly, the Court finds that Defendant has established good cause for its experts to perform the four requested tests. The Court therefore ORDERS that Plaintiff shall be made available for an IME on a single day for up to seven hours. Plaintiff may be examined by both of

Defendant's experts, Dr. Hooker and Dr. Zeitz, but such examination must take place at one location—that is, Plaintiff is not required to travel to another location for further examination. Defendant's experts shall be permitted to perform the following tests: (1) Wechsler Intelligence Scale – Fourth Edition (WAIS-IV); (2) Minnesota Multiphasic Personality Inventory – Second Edition (MMPI-2); (3) Rorschach Performance Appraisal System (R-PAS); and (4) Millon Clinical Multiaxial Inventory (MCMI). Finally, only Dr. Hooker, Dr. Zeitz, and Plaintiff shall be present during the IME. *See, e.g.*, *Hanna v. Fresno Cty.*, No. 14-CV-00142-LJO-SKO, 2015 WL 7458691, at *7 (E.D. Cal. Nov. 24, 2015) (noting that "a Rule 35 examination should be divested as far as possible of any adversary character, and the presence of an attorney at the examination injects a partisan element into what should otherwise be an objective medical inquiry") (citation omitted); *Ayat*, 2007 WL 1120358, at *8 (excluding third party witnesses from examination because they "may, regardless of their good intentions, contaminate a mental examination") (citation and internal quotations omitted).

This Order disposes of Docket Nos. 33, 36, and 38.

**IT IS SO ORDERED.**

Dated: September 8, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge